## IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

CASE NO. <u>21-CC-094648</u> Division <u>L</u>

<u>LEKEISHA NOBLES</u>
       Plaintiff

vs

<u>PINNACLE CREDIT SERVICES, LLC,; TRUEACCORD CORPORATION</u>
       Defendant(s)

### SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

STATE OF FLORIDA - NOTICE TO PLAINTIFF(S) AND DEFENDANT(S) (Name & address of Defendant(s) to be Served) **TRUEACCORD CORPORATION,** C/O INCORP SERVICES INC 17888 67TH COURT NORTH LOXAHATCHEE FL 33470,
YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the <u>Edgecomb Courtroom 304 3rd Fl</u> located at 800 E. Twiggs Street, Tampa, Florida 33602 on the <u>9th day of November, 2021</u> at <u>9:00 AM</u> for a PRETRIAL CONFERENCE.

**THE COUNTY COURT DOES NOT PROVIDE INTERPRETERS OR TRANSLATORS; YOU ARE RESPONSIBLE FOR PROVIDING YOUR OWN INTERPRETERS OR TRANSLATORS.**

LA CORTE DEL CONDADO NO PROVEE INTERPRETES O TRADUCTORES, USTED ES RESPONSABLE DE PROVEER SU PROPIO INTERPRETE O TRADUCTOR.

TRIBINAL KONTE A PA BAY ENTÈRPRÈT OSWA TRANSLATOR, OU SE RESPONSAB POU FOUNI PWÒP ENTÈPRÈT OSWA TRANSLATOR OU.

Lead Attorney: <u>BONAN , THOMAS MARTIN</u>
Attorney for: <u>Lekeisha Nobles</u>
Address: <u>SERAPH LEGAL PA   1614 N 19TH ST   TAMPA FL   33605</u>
Florida Bar Number: <u>118103</u>

*9/16/21 @ 1415*
*JMB #0785*

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## SOLICITUDES DE ALOJAMIENTO POR PERSONAS CON DISCAPACIDAD

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con el Coordinador de ADA, Hillsborough County Courthouse, 800 E. Twiggs St., Sala 604, Tampa, Florida 33602, (813) 272-7040, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

## DEMANN POU AKOMODASYON POU MOUN KI GEN ENFIMITE

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, Kòdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan, fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

## *IMPORTANT – READ CAREFULLY*
### *THE CASE WILL NOT BE TRIED AT THAT TIME.*
### *DO NOT BRING WITNESSES – YOU MUST APPEAR IN PERSON OR BY ATTORNEY.*

The Defendant(s) must appear in court on the date specified in order to avoid a default judgment. The Plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the Plaintiff(s) or the Defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE/MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference/Mediation.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

### Mediation

Mediation may take place during the time scheduled for the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and may withhold judgment or execution of levy
If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and may withhold judgment or execution of levy.

RIGHT TO VENUE. The law gives the person or company who has sued you the right to file suit in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s) have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following:

[1] where the contract was entered into.
[2] if the suit is on unsecured promissory note, where the note is signed or where the maker resides.
[3] if the suit is to recover property or to foreclosure a lien, where the property is located.
[4] where the event giving rise to the suit occurred.
[5] where any one or more defendant(s) sued reside.
[6] any location agreed to in a contract.
[7] in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.

If you as the Defendant(s) believe the Plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer, in affidavit form (sworn to under oath) **with the court 7 days prior to your first court date** and send a copy to the Plaintiff(s) or Plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

DATED at Tampa, Florida. Issued on September 13, 2021.

        CINDY STUART
        CLERK OF THE CIRCUIT COURT

        21/CC-09A6489/13/2021 1:04:53PM

        CINDY STUART, CLERK

Prepared By: Noemi Cohn, Deputy Clerk
Hillsborough County, Florida (813) 276-8100

Filing # 134277827 E-Filed 09/09/2021 01:27:13 PM

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS DIVISION

Lekeisha Nobles

*Plaintiff,*

v.

TrueAccord Corporation *and*
Pinnacle Credit Services, LLC,

*Defendants.*

Case Number: _____

Division:

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Lekeisha Nobles**, ("Ms. Nobles"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendants, **TrueAccord Corporation** ("TrueAccord"), and **Pinnacle Credit Services, LLC** ("Pinnacle"), (jointly, the "**Defendants**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Nobles against the Defendants for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et. seq.* ("FDCPA") and the *Florida Consumer Collection Practices Act*, Section 559.55, *et seq.*, Florida Statutes ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d) the FCCPA, Section 559.77, Florida Statutes, and Section 34.01, Florida Statutes.

3. This civil action seeks damages not exceeding $8,000.00

4. The Defendants are subject to the provisions of the FDCPA and FCCPA to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

5. Venue is proper in Hillsborough County, Florida, pursuant to Section 47.051, Florida Statutes, because the acts complained of were committed and/or caused by the Defendants within Polk County.

## PARTIES

6. **Ms. Nobles** is a natural person residing in Hillsborough, Florida, and a *Consumer* as defined by the FDCPA, 15 U.S.C. § 1692a(3), and the FCCPA, Section 559.55(8), Florida Statutes.

7. **TrueAccord** is a Kansas corporation with a primary business address of 16011 College Boulevard, Suite 130, Lenexa, Kansas 66219.

8. TrueAccord is registered to conduct business in the State of Florida, where its Registered Agent is **Incorp Services, Inc., 17888 67th Court North, Loxahatchee, Florida 33470.**

9. TrueAccord is registered with the Florida Office of Financial Regulation as a *Consumer Collection Agency* ("CCA").

10. **Pinnacle** is a Minnesota foreign limited liability company with a primary business address of 6801 S. Cimarron Road, Suite 424-L, Greenville, South Carolina 29601.

11. Pinnacle is registered to conduct business as a foreign limited liability company in the State of Florida, where its registered agent is **Corporation Service Company, 1201 Hays St., Tallahassee, Florida 32301.**

12. Pinnacle is registered with the Florida Office of Financial Regulation as a CCA.

13. As licensed CCAs, the Defendants know or should know the requirements of the FDCPA and FCCPA.

14. The Defendants are *Debt Collectors* within the meaning of the FDCPA, 15 U.S.C. §1692a(6), and the FCCPA, Section 559.55(7), Florida Statutes, in they use postal mail, and/or

another instrumentality of interstate commerce, for their businesses, the principal purposes of which are the collection of debts, and/or they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS
### The Debt

15. Around February 2007, Ms. Nobles supposedly incurred a debt to Alltel Communications ("**Alltel**"), a now-defunct discount cellular service phone provider ("**the Debt**") which was later acquired by AT&T.

16. The Debt arose from goods that were primarily for family, personal, or household purposes, and meets the definition of *Debt* under the FDCPA, 15 U.S.C. § 1692a(5) and FCCPA, Section 559.55(6), Florida Statutes.

17. Purportedly, in or around September 2008, Pinnacle purchased the debt from Alltel, or some other unknown successor-in-interest.

18. Pinnacle began reporting the account to multiple consumer credit reporting agencies ("**CRAs**") including Experian in or around November 2008, claiming $506 was past due and in collection. **SEE PLAINTIFF'S EXHIBIT A.**

19. However, Pinnacle was not the only debt collector who claimed ownership of the Debt.

20. Ms. Nobles received collection attempts on the same debt from other debt collectors, each one of which claimed they were the *bona fide* owner of the debt.

21. Ms. Nobles did not have multiple accounts with Alltell, or engage in any other transaction which could have legitimately created more than one debt owed to Alltell.

22. Ms. Nobles continues to periodically receive collection communications from various debt collectors concerning the Debt, claiming the Debt is owed to *them*, including a March

2021 communication from Apex Business Solutions, LLC, a California-based debt buyer and collector.

23. Within the debt buying universe, a certain type of debt collection agency exists, typified by exhibiting little regard for the rights of consumers as well as little concern about the legitimacy of the debts they are collecting. These sorts of debt collectors typically purchase portfolios of charged-off, delinquent consumer debt from debt brokers or other debt collectors, often paying pennies on the dollar, or less, for the accounts.

24. Like any bargain-basement product, there are defects abound. These portfolios – usually sold with no legitimate documentation showing chain-of-custody, and, often, sold with no supporting account documentation whatsoever – are typically riddled with inaccuracies, paid accounts, disputed accounts, and/or duplicate accounts.

25. No central registry or database containing information about which person or entity owns a particular debt exists in the United States.

26. Since the debt portfolios are little more than Excel spreadsheets containing basic information about the purported debts, such as the consumer's name, address, account number, and supposed balance, even less savory debt collectors will sometimes literally steal debt portfolios from other debt collectors by obtaining employment at a rogue debt collection agency, copying the Excel spreadsheet to a USB thumb drive when no one is looking, and then attempting to collect the debts themselves under their own company name. *See, e.g.,* Jake Halpern, *Paper Boys: Inside the Dark, Labyrinthine, and Extremely Lucrative World of Consumer Debt Collection*, New York Times, August 19, 2014; Jake Halpern, *Bad Paper: Chasing Debt from Wall Street to the Underworld* (2014).

27. Likewise, unscrupulous debt brokers will often sell the same debt portfolio to multiple debt collectors, with the debt collectors unaware that they are not the only "owner" of the debt.

28. In December 2012, Ms. Nobles disputed Pinnacle's reporting of the Debt to Experian, stating she did not believe she owed the account and that multiple debt collectors were making competing claims of ownership.

29. Experian forwarded an Automated Consumer Dispute Verification ("ACDV") request to Pinnacle through a software platform known as e-OSCAR.

30. Pinnacle modified its reporting to note the account was "disputed by consumer." *Id.*

31. At no point has Ms. Nobles stated to Pinnacle, or any agent of Pinnacle, that she no longer disputes the Debt.

32. Ms. Nobles also sent written correspondence to Pinnacle in 2012 stating she disputed the Debt and to terminate communication with her concerning it.

33. As such, pursuant to 15 U.S.C. § 1692c(c), Pinnacle was required to cease communication with Ms. Nobles, permanently (other than in certain specific situations, inapplicable to the instant matter).

34. Nonetheless, in May 2021, Pinnacle transferred the Debt to True Accord for collection.

### Defendants Make Unauthorized Disclosures Of Protected Information to 3rd Parties

35. When assigning the Debt to TrueAccord for collection, Pinnacle communicated information to TrueAccord, including the amount of the Debt, the original creditor, the date of

delinquency, the nature of the Debt, the date of last payment, Ms. Nobles' personal contact information, and other information.

36. Ms. Nobles never consented to the disclosure of information about the Debt to TrueAccord – an unrelated third party.

37. TrueAccord are not attorneys for Pinnacle, nor has the Debt been reduced to judgment at any point, nor is TrueAccord a consumer reporting agency.

38. 15 U.S.C. § 1692c(b) states that:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

39. TrueAccord does not fall within any of the categories listed within 15 U.S.C. § 1692c(b).

40. Thus, Pinnacle disclosed information about Ms. Nobles, her status as a debtor, and other information in violation of 15 U.S.C. § 1692c(b). See *Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 8:19-cv-983 (11th Cir. April 21, 2021).

41. If a debt collector "conveys information regarding the debt to a third party – informs the third party that the debt exists or provides information about the details of the debt – then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

42. In reckless pursuit of certain perceived business advantages of transferring the Debt to TrueAccord for collection, Pinnacle disregarded the known, negative effects that disclosing sensitive personal information to an unauthorized third party would have on a consumer.

43. The Defendants' unauthorized and prohibited communications caused Ms. Nobles, a consumer who highly values her privacy, significant emotional distress since her confidential, and legally protected personal information had been unlawfully disseminated to third parties.

44. The term *Communication* is defined in the FDCPA, 15 U.S.C. §1692a(3), as "the conveying of information regarding a debt directly or indirectly to any person through any medium," which includes sending an electronic file containing information about Mr. Nobles' purported debt to True Accord.

### Defendants Claim Ms. Nobles Must Re-Dispute Already-Disputed Debt

45. True Accord is a large debt collector and receives a considerable number of disputes concerning cell phone debts it is assigned to collect. True Accord knew, when it received a portfolio of charged-off debts for collection from Pinnacle in May 2021, which included Ms. Nobles' purported Debt, that it was not the first collection agency to be assigned the accounts.

46. True Accord thus knew—or reasonably should have known – a considerable number of the accounts had been previously disputed. True Accord had no policies in place to so much as even *ask* debt buyers like Pinnacle who place debts for collection with it if it was aware of any prior disputes by the relevant consumers.

47. Despite the fact True Accord knew, or should have known, the Debt was disputed, around May 23, 2021, True Accord sent a communication to Ms. Nobles concerning the debt, stating in part, "Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid."

48. Thus, True Accord was claiming that unless Ms. Nobles re-disputed an already-disputed debt, True Accord would consider the debt to be uncontested.

49. The Defendants had no legal right to require Ms. Nobles to "renew" her dispute, and had an obligation to consider the Debt disputed, since Ms. Nobles provided notice as far back as 2012.

50. The Defendants know that the more time a consumer has to spend dealing with a collection effort, the more likely she is to pay the debt.

51. As such, the Defendants knew, or should have known, that requiring a consumer to re-dispute the same debt would incentivize consumers to simply pay the debt, even if not actually owed.

52. The Defendants had no right to determine on their own whether the dispute was meritorious, since the FDCPA requires a debt collector to communicate a debt is disputed once known. See 15 U.S.C. § 1692e(8).

53. The Defendants similarly had no right to unilaterally nullify Ms. Nobles' previous dispute. *See, e.g., Evans v. Portfolio Recovery Associates*, 889 F. 3d 337 (7th Cir 2018).

54. In addition to this, TrueAccord sent at least a dozen other collection letters and/or emails to Ms. Nobles, despite Ms. Nobles invoking her right for communications to be terminated nearly a decade prior.

55. Defendants' aforementioned conduct has caused Ms. Nobles to suffer emotional distress and has further damaged her in that she has spent time in procuring the undersigned legal counsel to assist with charting a course of response to Defendants.

56. Ms. Nobles has hired the aforementioned law firm to represent her in this matter and has assigned it her right to fees and costs.

### COUNT I
### VIOLATIONS OF THE FDCPA

57. Ms. Nobles adopts and incorporates paragraphs 1 – 56 as if fully stated herein.

58. Pinnacle violated **15 U.S.C. § 1692c(b)** when it disclosed information about Ms. Nobles' purported Alltell debt to an unauthorized third-party, TrueAccord, in connection with the collection of the Debt.

59. The Defendants **15 U.S.C. § 1692c(b)** when they communicated with Ms. Nobles' and attempted to collect the purported Alltell debt from her in 2021, despite her 2012 demand to cease communication concerning the debt.

60. The Defendants violated **15 U.S.C. § 1692e and 1692e(10)** when they used misleading and deceptive means to attempt to collect a debt by (1) claiming Ms. Nobles had to, in essence, renew her dispute concerning the Debt or else the Defendants would consider it valid, and (2) by attempting to collect a debt it purportedly bought from Alltell – a debt which multiple other debt collectors have claimed ownership of.

61. The Defendants violated **15 U.S.C. § 1692e(2)(a)** when they made false representation about the amount and legal status of a debt by (1) claiming Ms. Nobles had to, in essence, renew her dispute concerning the Debt or else the Defendants would consider it valid, and (2) by attempting to collect a debt it purportedly bought from Alltell – a debt which multiple other debt collectors have claimed ownership of..

62. The Defendants' conduct renders them liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Ms. Nobles respectfully requests that this Honorable Court enter judgment against Pinnacle and TrueAccord, jointly and severally, for:

a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA

63. Ms. Nobles adopts and incorporates paragraphs 1 – 56 as if fully stated herein.

64. Pinnacle violated **Section 559.72(5), Florida Statutes**, when it disclosed to True Accord, a third party, information that would affect Ms. Nobles's reputation, specifically details about her personal financial issues, and purported unpaid bills. Pinnacle was aware that there was no legitimate business *need* to convey this information, since the Debt was disputed and Ms. Nobles had demanded communications cease in 2012.

65. The Defendants violated **Section 559.72(9), Florida Statutes**, when they asserted legal rights which do not exist, to wit, that it was incumbent upon Ms. Nobles to re-dispute a debt disputed for nearly a decade, otherwise the Defendants would treat it as a non-disputed debt.

66. The Defendants' conduct renders them liable for the above-stated violations of the FCCPA, and Ms. Nobles is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

**WHEREFORE**, Ms. Nobles respectfully requests this Honorable Court enter judgment against TrueAccord and Pinnacle, jointly and severally, for:

a. Statutory damages of **$1,000.00** pursuant to Section 559.77(2), Florida Statutes;

b. Actual damages pursuant to Section 559.77(2), Florida Statutes;

c. Punitive damages pursuant to Section 559.77(2), Florida Statutes.

d. Injunctive relief preventing the Defendants from making any further communications to the unauthorized third party when attempting to collect a consumer debt.

e. Reasonable costs and attorneys' fees pursuant to Section 559.77(2), Florida Statutes; and,

f. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Nobles demands a jury trial on all issues so triable.

Respectfully submitted this September 9, 2021, by:

                         **SERAPH LEGAL, P. A.**

                         */s/ Thomas M. Bonan*
                         Thomas M. Bonan Esq.
                         Florida Bar No.: 118103
                         TBonan@SeraphLegal.com
                         1614 N 19th Street
                         Tampa, Florida 33605
                         Tel: 813-321-2347
                         Fax: 855-500-0705
                         *Counsel for Plaintiff*

# PLAINTIFF'S EXHIBIT A – Excerpt from Experian Report

**PINNACLE CREDIT SERVICES**
Address: 7900 HIGHWAY 7 # 100, SAINT LOUIS PARK, MN 55426
(952) 939-8100
Address Identification Number: [redacted]

Account Number: [redacted]

Original Creditor: ALLTEL COMMUNICATIONS

Status: Collection account. [redacted] past due as of Dec 2012.

Status Details: This account is scheduled to continue on record until Nov 2013. This item was updated from our processing of your dispute in Dec 2012.

Date Opened: 09/2008
Reported Since: 11/2008
Date of Status: 11/2008
Last Reported: 12/2012

Type: Collection
Terms: 1 Months
Monthly Payment: $0
Responsibility: Individual

Credit Limit/Original Amount: [redacted]
High Balance: NA
Recent Balance: [redacted] as of 12/2012
Recent Payment: $0

Your Statement:
Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).

Payment History:

2012: DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN
2011: DEC NOV OCT SEP AUG JUL JUN MAY
2010: APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN
2009: DEC NOV OCT SEP
2008: AUG JUL JUN MAY APR MAR FEB JAN DEC NOV

Account History:
Collection as of Jul 2011 to Dec 2012, Jan 2009 to May 2011, Nov 2008